IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK LEWIS YOUNG, III                                                        PETITIONER
ADC #107979

5:15-cv-00118-KGB-JTK

WENDY KELLEY, *Director*,                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendations and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary

>or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR  72201-3325

## DISPOSITION

Petitioner Frederick Young, an inmate of the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading guilty to aggravated assault and possession of a firearm by a certain person, and nolo contendere to aggravated residential burglary. (Doc. No. 1.) For the following reasons, Mr. Young's petition should be denied.

I.    PROCEDURAL HISTORY

On May 16, 2012, Mr. Young pleaded guilty to aggravated assault and possession of a firearm by a certain person in the Pulaski County, Arkansas, Circuit Court. (Doc. No. 6-1 at 309.) He also pleaded nolo contendere to aggravated residential burglary. (*Id.* at 316). He agreed to serve thirteen years in the ADC with an additional two years suspended imposition of sentence. (Doc. No. 6-1 at 10-11.) He agreed to serve his sentence day-for-day for the aggravated residential burglary. (*Id.* at 12.) On June 4, 2012, the circuit court filed the sentencing order. (*Id.* at 9.)

On August 31, 2012, Mr. Young, through counsel, filed a petition for post-conviction relief, pursuant to Arkansas Rule of Criminal Procedure 37.1 ("Rule 37"). In his petition, Mr.

Young alleged that he did not voluntarily and intelligently plead guilty because his trial counsel (1) did not communicate adequately with him throughout the proceedings, (2) did not provide the State's complete discovery file until less than a day before he pleaded guilty, and (3) did not fully advise and inform him of his options to the plea. (*Id.* at 19, 40.) Mr. Young also claimed that he received ineffective assistance of trial counsel for (1) failing to maintain proper communications with him, (2) failing to fully and properly investigate the case, (3) creating a conflict of interest, and (4) failing to advise him on all his options before pleading guilty. (*Id.*).

On March 25, 2013, the circuit court held a hearing on Mr. Young's Rule 37 petition. (*Id.* at 87.) On April 17, 2013, the circuit court entered a detailed order, denying Mr. Young's petition. (*Id.* at 40.) It held that Mr. Young's trial counsel was not deficient on any of the claims and, if there was any deficiency, Mr. Young was not prejudiced. (*Id.* at 42-46.) Specifically regarding prejudice, the circuit court found that the prosecutor nolle prossed one aggravated residential burglary charge, one aggravated assault charge, two enhancement charges, and a possession of marijuana charge in exchange for Mr. Young pleading guilty. (*Id.* at 41.) It found that Mr. Young was facing a minimum of thirty years imprisonment had a jury found him guilty on just one of the residential burglary charges. (*Id.*).

On May 14, 2013, Mr. Young, through counsel, filed a notice of appeal in the Pulaski County Circuit Court, appealing the circuit court's denial of his Rule 37 petition. (*Id.* at 47.) On February 26, 2015, the Arkansas Supreme Court affirmed the circuit court's order denying Mr. Young's petition. (Doc. No. 6-4 at 1.) The court held that the circuit court's ruling was not clearly erroneous. (*Id.* at 7-8.)

On April 14, 2015, Mr. Young filed the instant *pro se* petition for a writ of habeas corpus. (Doc. No. 1.) On May 21, 2015, the Director of the ADC (the "Director") filed a response,

asking the Court to dismiss Mr. Young's petition. (Doc. No. 6.) On June 1, 2015, Mr. Young filed a reply. (Doc. No. 8.)

II. STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992.) Failure to do so will result in his claims being barred "unless []he can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." *Id.* at (e)(1).

III.   ANALYSIS

In Mr. Young's petition for a writ of habeas corpus, he raises four ineffective assistance of counsel grounds for relief: (A) failure to investigate, (B) failure to communicate, (C) cumulative error, and (D) failure to ensure that Mr. Young entered the plea knowingly and voluntarily. (Doc. No. 1 at 5-9.)

To prevail on an ineffective assistance of counsel claim, a petitioner must show that "his counsel's deficient performance prejudiced him." *Porter v. McCollum*, 558 U.S. 30, 38 (2009); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must prove his counsel was deficient by showing that "his counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

   A. FAILURE TO INVESTIGATE

Mr. Young's first ground for relief is that his trial attorney was ineffective because he did not investigate certain facts. (Doc. No. 1-1 at 137-47.) Particularly, Mr. Young claims that (1) his attorney admitted he did not investigate, (2) his attorney admitted he did not interview witnesses, (3) although his attorney stated that Mr. Young admitted to firing shots, the crime scene report—which states that the detective did not find shell casings or bullet strikes—proves that no shots were fired, (4) his attorney's statement that there was a question as to whether Mr. Young was inside the residence when he supposedly fired shots proves that he did not look through

discovery since a residential burglary cannot be outdoors, and (5) the private investigator found that the discovery information was missing pages, as well as contradictory and unfounded statements, which his attorney did not know about. (*Id.* at 137-47.) The Director responds that the Rule 37 court's adjudication of this claim is not an unreasonable application of *Strickland*, nor did it unreasonably apply the facts ascertained at the Rule 37 hearing to the law. (Doc. No. 6 at 3.)

Mr. Young raised the same issue in his Rule 37 petition. (Doc. No. 6-1 at 23.) At the Rule 37 hearing, Mr. Young's trial attorney testified that his practice is to not, and he did not in this case, interview witnesses that gave statements to the police because if the witnesses testify differently from their statements then it is beneficial to his client. (*Id.* at 176.) Mr. Young testified that his attorney told him that the prosecutors were not going to use the gun shell casing they found inside the house they claimed he burglarized because it did not match Mr. Young's gun. (*Id.* at 148.)  Mr. Young agreed that he initialed his plea agreement form saying that he was satisfied fully with his attorney's service (*Id.* at 157); and that he was not lying when he signed the agreement. (*Id.* at 162.)

The Arkansas Supreme Court found that any deficiency of Mr. Young's trial counsel did not prejudice him. (Doc. No. 6-4 at 7.) Regarding counsel's deficiency, it held that the issues Mr. Young raised are "concerning matters that might have been explored by further investigation." (*Id.*). However, citing state law, it held that Mr. Young did not prove any prejudice because he "did not provide facts concerning evidence or information that counsel could have discovered that raised a reasonable probability that appellant would not have entered the plea." (Doc. No. 6-4 at 7 (citing *Wertz v. State*, 434 S.W.3d 895 (Ark. 2014))).

The Arkansas Supreme Court's ruling is not an unreasonable determination of federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). In order to prove prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In a failure to investigate claim, the prejudice inquiry turns on "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.* Since the Arkansas Supreme Court did not apply a rule that "contradicts the governing law set forth" by the United States Supreme Court, nor did it confront "a set of facts that are materially indistinguishable" from a decision by the United States Supreme Court but arrive at a different result, it did not unreasonably apply federal law as determined by the United States Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 74 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

The Arkansas Supreme Court's finding that Mr. Young did not prove prejudice in this case is well-supported by evidence and is not an unreasonable application of the facts. *See* 28 U.S.C. § 2254(d)(2) (2006). As the court found, Mr. Young has not presented any evidence that his attorney could have found through further investigation that would have changed his recommendation to plead guilty. (*See* Doc. No. 6-4 at 7.) In fact, even with the private investigator's testimony that the trial attorney should have further investigated certain facts, the investigator did not present any facts that were not known to the trial attorney at the time of the plea. (*See* Doc. No. 6-1 at 91-124.) The attorney knew what the testimony of the witnesses would be based on their recorded statements to the police (Doc. No. 6-1 at 176); he knew the shell casing found did not match Mr. Young's gun (*Id.* at 147-48); and he knew that there was a question of whether Mr. Young fired the gun inside the house (*Id.* at 186). The fact that Mr.

Young's attorney did not know that pages were missing from the transcript of one of the witness's police interview is troubling, but Mr. Young did not prove whether the contents of those pages were material. (*See* Doc. No. 6-1 at 175.) Therefore, this ground for relief should be denied.

    B.  FAILURE TO COMMUNICATE

Mr. Young's second ground for relief is that his trial counsel was ineffective for failing to provide him with discovery or discuss with him proposed defenses. (Doc. No. 1-1 at 6.) Specifically, he claims that his trial attorney lied in the Rule 37 hearing when he testified that he did not provide Mr. Young with complete discovery because Mr. Young had a tendency to speak with other inmates about his case and the trial attorney was worried about jailhouse snitches. (*Id.* at 147.) The Director responds that the state court's decision was based on a reasonable determination of federal law and a reasonable application of the facts. (Doc. No. 6 at 4.)

The circuit court found that trial counsel met with Mr. Young prior to his court hearings and five times at the jail. (*Id.* at 7.) It found that trial counsel met with Mr. Young for one-and-a-half hours prior to the change of plea hearing. (*Id.*). It further found that it was valid trial strategy for trial counsel to not give discovery information to Mr. Young far in advance of trial because Mr. Young "had a tendency to speak too freely" and "another inmate might be able to use the information to gain an advantage with the prosecuting attorney." (*Id.* at 7-8.)

The Arkansas Supreme Court, citing state law, held that "general assertions that counsel did not meet with the defendant often enough, or did not prepare for trial aggressively enough, do not provide sufficient grounds for ineffective assistance of counsel." (Doc. No. 6-4 at 8 (citing *Polivka v. State*, 362 S.W.3d 918 (Ark. 2010)). Based on the circuit court's findings, it affirmed the circuit court's decision to deny this ground of relief. (*Id.*).

8

The Arkansas Supreme Court's decision is not contrary to any clearly-established federal law as determined by the United States Supreme Court, nor did it unreasonably apply the facts to the law. *See Williams*, 772 F.2d at 480 (holding that general assertions of ineffective assistance of counsel for failing to communicate do not contain sufficient facts to support a claim of prejudice). Therefore, this ground for relief should be denied.

### C. CUMULATIVE ERROR

Mr. Young's third ground for relief is that his trial counsel was ineffective, as shown from the cumulative errors in this case. (Doc. No. 1-1 at 8.) The United States Court of Appeals for the Eighth Circuit has held multiple times that errors "that are not unconstitutional individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citing *United States v. Stewart*, 20 F.3d 911, 917-18 (8th Cir. 1994)). Therefore, this ground for relief is not cognizable and should be denied.

### D. FAILURE TO ENSURE KNOWING AND VOLUNTARY PLEA

Mr. Young's final ground for relief is that his trial counsel was ineffective for failing to ensure that Mr. Young entered his plea knowingly and voluntarily. (Doc. No. 1-1 at 9.) The basis for this argument is that his attorney was ineffective for the reasons discussed earlier. (*Id.*). Since this is the same argument that Mr. Young made in his first and second grounds for relief, this ground for relief should be denied for the reasons stated above.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2)

(2006). The Court finds no issue on which Mr. Young has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

V.      CONCLUSION

Mr. Young does not present a meritorious ground for relief, and his petition for a writ of habeas corpus (Doc. No. 1-1) should be denied with prejudice. The district court should not issue a certificate of appealability.

SO ORDERED this 10th day of February, 2016.

_____
United States Magistrate Judge